USCA1 Opinion

 

 November 9, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1358 MICHAEL A. LAU, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Michael A. Lau on brief pro se. ______________ Guillermo Gil, United States Attorney, Antonio R. Bazan, ______________ ___________________ Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior _______________________ Litigation Counsel, on brief for appellee. ____________________ ____________________ Per Curiam. Michael Lau and his codefendant Bruce ___________ Taylor were each convicted in December 1985 at a joint trial on drug charges. Lau was sentenced to 35 years and Taylor to 25 years and their convictions were affirmed on appeal. United States v. Lau, 828 F.2d 871 (1st Cir. 1987), cert. _____________ ___ _____ denied, 486 U.S. 1005 (1988). Based on subsequent ______ cooperation, the sentences were later reduced, Lau's to 25 years and Taylor's to 15 years. Lau now appeals the denial of his recent motion under 28 U.S.C. 2255 in which he challenged the 10 year disparity in his sentence as compared with that of Taylor. He claims that the two were similar in culpability and history and that the only explanation for the disparity is the trial judge's remarks at Taylor's ______ sentencing, that suggested that Taylor was led astray by Lau. This, says Lau, is untrue. The Sentencing Guidelines did not apply to this case and the sentencing judge therefore had extremely wide discretion, largely beyond appellate review. See Williams v. Illinois, ___ ________ ________ 399 U.S. 235, 243 (1970). The Supreme Court did say, in United States v. Tucker, 404 U.S. 443, 447 (1972), that an ______________ ______ appellate remedy may be available where a pre-guideline sentence is founded upon "misinformation of constitutional magnitude"; but in that case the sentencing judge had relied on two prior convictions that had been unconstitutionally obtained. "Instead of confronting a defendant who had been -2- -2- legally convicted of three previous felonies, the judge [if properly informed] would then have been dealing with a man who, beginning at age 17, had been unconstitutionally imprisoned for more than ten years . . . ." Id. at 448. ___ Lau's case is not remotely comparable. The responsibility of one person for another's misconduct is generally a matter of degree and of judgment. Tucker ______ involved the perpetuation of prior convictions that were later found to be unconstitutional. Further, the Supreme ________________ Court thought that the prejudice in Tucker was patent. Here, ______ the fact that the remark was made at Taylor's sentencing, rather than Lau's, suggests that the court's impression is more likely to have reduced Taylor's sentence than to have enlarged Lau's. Assuming that there was any misappraisal at all, we do not think that it is of constitutional magnitude. There is some suggestion in Lau's brief that he thinks that he was entitled to be present at Taylor's sentencing to contest the judge's remarks about Lau's influence on Taylor. Fed. R. Crim. P. 43(a) entitles a defendant to be present at his own sentencing and not that of another defendant. It is in fact common practice for codefendants to be sentenced at different times, depending on when the respective probation reports are completed. Affirmed. ________ -3- -3-